IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCISCO E. LOPEZ-NEGRON,<br><br>    Petitioner,<br><br>v.<br><br>DAVID ORTIZ,<br><br>    Respondent. | Civil Action<br>No. 16-9075 (RBK)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner, Francisco E. Lopez-Negron, is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent filed an Answer opposing relief (ECF No. 6), and Petitioner did not file a reply. For the reasons set forth below, the Court will dismiss the Petition.

        **I.**      **BACKGROUND**

    This case arises from a disciplinary hearing during Petitioner's incarceration at FCI Fort Dix. On February 6, 2016, officials observed Petitioner place what appeared to be a cellphone in a jacket hanging on Petitioner's bunk. After conducting a search of the jacket, officials recovered a cell phone and issued an incident report charging Petitioner with possession of a hazardous tool, in violation of Bureau of Prisons Code 108,[1] delivered the report to Petitioner, and advised him of his rights.

---

[1] Code 108 prohibits the "[p]ossession, manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device)." 28 C.F.R. § 541.3 (Table 1). "Aiding, attempting,

On that same day, the investigating official referred the incident report to the Unit Discipline Committee ("UDC"). On February 11, 2016, after an initial hearing before the UDC, the UDC referred the incident report to a Discipline Hearing Officer ("DHO"), and again advised Petitioner of his rights.

On February 26, 2016, the DHO held a hearing and again advised Petitioner of his rights. Petitioner confirmed that he did not want a staff representative and did not wish to call any witnesses. At the hearing, Petitioner stated that the jacket and cell phone did not belong to him.

The DHO considered Petitioner's statements in reaching a decision, as well as: the incident report; the chain of custody log for the cell phone; a memorandum from a second officer who observed Petitioner place the phone in the jacket; and a photo of the cellphone.

After considering all of the evidence, the DHO concluded that Petitioner committed the act of possessing a dangerous tool, in violation of Code 108. The DHO then issued the following sanctions: (1) revocation of forty days of good conduct time; (2) fifteen days of disciplinary segregation; (3) loss of email privileges for twelve months; and (4) loss of phone privileges for twelve months.

The parties dispute what transpired next. According to Petitioner, he mailed his appeal to the regional director[2] of the Bureau of Prisons ("BOP"), on May 13, 2016, within the twenty-day time limit to appeal. Petitioner did not receive a response and assumed that the regional director denied his appeal. Thereafter, Petitioner filed an appeal of that assumed denial, to the BOP central

---

abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself." *Id*. at § 541.3(a).

[2] A prisoner may challenge the outcome of a disciplinary hearing directly to the regional director level, rather than filing an initial appeal with the warden of the institution. *See* 28 C.F.R. § 542.14(d)(2).

office, who rejected his appeal for, among other things, failing to first appeal to the regional director. Petitioner appears to have filed a second appeal at the central office level and received a similar denial.

On November 7, 2016, Petitioner filed another appeal to the regional director, who denied the filing as untimely. Petitioner contends that the post office or the regional director's office itself, must have lost his original and timely May 13, 2016, appeal.

Petitioner then filed the instant Petition, requesting that the Court issue an order directing the regional director to decide Petitioner's administrative appeal on the merits. Respondent filed an Answer (ECF No. 6), and Petitioner did not file a reply.

## II. STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn,* 151 F.3d 116, 118 (3d Cir. 1998).

If the Court does not dismiss the petition at the screening stage, the Court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

Where a petitioner fails to identify evidence outside the record that would support or "otherwise . . . explain how . . . an evidentiary hearing" would advance his claim, a court is within

3

its discretion to deny an evidentiary hearing. *Campbell*, 209 F.3d at 287. In exercising that discretion, a court must accept the truth of a petitioner's factual allegations unless the record shows that they are clearly frivolous. *Friedland*, 879 F. Supp. at 434; *c.f. United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).

### III. DISCUSSION

Under 28 U.S.C. § 2241, the "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus" but prisoners may only present "requests for relief turning on circumstances of confinement . . . in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). Stated differently, a petitioner may only bring a claim in a § 2241 petition if it "would fall within the 'core of habeas' and *require* sooner release" if a court decided the claim in petitioner's favor. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (emphasis added).

With those principles in mind, the Court finds that Petitioner's claim does not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner's claim, however, does not directly attack the duration of his incarceration nor does it seek release from prison.

Instead, Petitioner challenges the decision to deny his administrative appeals as untimely and requests an opportunity to have the regional director decide his appeal on the merits. Stated differently, Petitioner does not directly challenge the DHO's decision to revoke his good time credits. Indeed, Petitioner, to his credit, acknowledges that he would likely lose such a challenge.[3]

---

[3] Petitioner effectively concedes that the DHO relied on sufficient evidence to meet this Court's "some evidence" standard of appellate review when reviewing such DHO decisions. (ECF No. 1,

4

Nevertheless, because a finding in Petitioner's favor, such as declaring his initial administrative appeal timely, or ordering Respondent to decide that appeal on the merits, "would not [directly] alter his sentence or undo his conviction," he cannot proceed by habeas petition. *See Leamer*, 288 F.3d at 542. Effectively, the opportunity to file a timely administrative appeal "carries with it only the potential for a . . . sentence reduction . . . [only] a ticket to get in the door." *Cf. id*.

Broadly speaking, whether an inmate has access to *any* administrative appeal process is a circumstance of his confinement. *See Manuel v. Stewart*, No. 13-2043, 2014 WL 4094788, at *1 (D. Md. Aug. 18, 2014) (holding that the failure to process or provide administrative appeal forms constitutes a circumstance of confinement claim).

Consequently, because Petitioner only challenges a circumstance of his confinement, this Court "lack[s] jurisdiction under the habeas corpus statute to hear Petitioner's" claim. *Cf. Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005) (citing *Leamer*, 288 F.3d at 543) (concluding in a different context that an *opportunity* for a sentence reduction does not directly challenge the fact or duration of one's confinement, but only a circumstance of their confinement). Accordingly, the Court will dismiss the Petition.

Although not necessary to the Court's disposition, assuming the Court had jurisdiction, the Petition would still fail to state a claim. In *Wolff v. McDonnell*, 418 U.S. 539, 563–71 (1974), the Supreme Court held that before a prisoner may lose good time credits, officials must afford him the following due process protections: (1) a written notice of the charges at least twenty-four hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense; (3) an

---

at 11–12). More specifically, Petitioner refers to the reports of two officers who allege that they saw Petitioner place the cell phone into the jacket.

opportunity to receive assistance from an inmate representative; (4) a written statement of the evidence relied on and the reasons for the disciplinary action; and (5) an appearance before an impartial decision making body. *See Crosby v. Piazza*, 465 F. App'x 168, 171–72 (3d Cir. 2012) (per curiam) (citing *Wolff*, 418 U.S. at 563–71).

As this Court has held, however, "the right to appeal disciplinary convictions is not within [*Wolff's*] narrow set of due process rights." *Fernandez v. Hollingsworth*, No. 15-3492, 2015 WL 4578433, at *2 (D.N.J. July 29, 2015) (collecting cases). Nor is there a constitutional right to an administrative appeal process or any particular relief through such process. *See, e.g., Horsh v. Clark*, No. 17-316, 2019 WL 1243009, at *5 (W.D. Pa. Mar. 18, 2019) (citing *Jones v. N. C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977)); *Peterson v. Holmes*, No. 12-865, 2012 WL 5451435, at *7 (D.N.J. Nov. 7, 2012). Accordingly, as Petitioner has no due process right to appeal his disciplinary conviction, the Court would summarily dismiss the Petition on this ground as well. *Fernandez*, 2015 WL 4578433, at *2.

## IV. CONCLUSION

For the foregoing reasons, Court will dismiss the Petition. An appropriate Order follows.

DATED: September 27, 2019            s/Robert B. Kugler
                   ROBERT B. KUGLER
                   United States District Judge